## WILLIAM D. FISHER

*v.*

## LATHAM CORNELL.

HOMESTEAD—*lost by abandonment.* In order to claim a homestead exemption, the debtor must actually occupy the premises as a residence. If the head of the family voluntarily leaves the premises, and removes to another place, where he and his family reside for several years, leaving the property in the possession of tenants, the exemption will be lost.

WRIT OF ERROR to the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. J. H. KNOWLTON, for the plaintiff in error.

Mr. THOMAS J. TURNER, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the Stephenson circuit court, to foreclose a mortgage, and a decree accordingly. The only point made by plaintiff in error is, that the court decreed a sale of the premises without regard to the homestead right of the defendant.

There was no release of the homestead in the mortgage, but the proof is full to the point that plaintiff in error removed with his family to another county, where he resided,

and had resided for four or five years, leaving the premises in possession of tenants, who occupied them.

The statute requires, in order to claim the right of homestead, that the lot of ground and the buildings thereon must be occupied as a residence of the party claiming the right. Scates' Comp. 576.

In several cases, this court has considered this provision, and placed a construction upon it, holding that the head of the family must actually reside on the premises. *Cabeen* v. *Mulligan*, 37 Ill. 230; *Titman* v. *Moore*, 43 ib. 169. These cases, and others which might be cited, are full to this point. The evidence is clear, of an abandonment of the premises as a homestead.

The decree of the circuit court is, in all things, affirmed.

*Decree affirmed.*